**LOUISIANA CIVIL CASE REPORTING**
**Civil Case Cover Sheet - LA. R.S. 13:4688 and**
**Part G, §13, Louisiana Supreme Court General Administrative Rules**

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court.  The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

CITY OF KENNER               **vs.**   NETFLIX, INC.

**Court:** 24th Judicial District          **Docket Number:** 814168

**Parish of Filing:** Jefferson            **Filing Date:** 01/22/2021

**Name of Lead Petitioner's Attorney:** Joseph M. Bruno

**Name of Self-Represented Litigant:**

**Number of named petitioners:** 1          **Number of named defendants:** 2

**Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

| | |
|---|---|
| ☐ Auto: Personal Injury | ☐ Auto: Property Damage |
| ☐ Auto: Wrongful Death | ☐ Auto: Uninsured Motorist |
| ☐ Asbestos: Property Damage | ☐ Asbestos: Personal Injury/Death |
| ☐ Product Liability | ☐ Premise Liability |
| ☐ Intentional Bodily Injury | ☐ Intentional Property Damage |
| ☐ Intentional Wrongful Death | ☐ Unfair Business Practice |
| ☐ Business Tort | ☐ Fraud |
| ☐ Defamation | ☐ Professional Negligence |
| ☐ Environmental Tort | ☐ Medical Malpractice |
| ☐ Intellectual Property | ☐ Toxic Tort |
| ☐ Legal Malpractice | ☒ Other Tort (describe below) |
| ☐ Other Professional Malpractice | ☐ Redhibition |
| ☐ Maritime | ☐ Class action (nature of case) |
| ☐ Wrongful Death | Unpaid franchise fees under La. R.S. 45:1363-1370 |
| ☐ General Negligence | |

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name Daniel Meyer               Signature /s/ DANIEL A MEYER

Address 855 Baronne Street, New Orleans, LA 70113

Phone number: 5045251335          E-mail address: dmeyer@brunobrunolaw.com

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 84-168

DIVISION: **M**

CITY OF KENNER

V.

NETFLIX, INC., AND HULU, LLC

FILED: _____        DEPUTY CLERK: _____

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

## CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES

COMES NOW Plaintiff, City of Kenner, a municipal entity in Louisiana, on behalf of itself and all others similarly situated, and for its Petition for Declaratory Judgment and Other Relief, states as follows:

## INTRODUCTION

1.      Under the 2008 Consumer Choice for Television Act, a Louisiana political subdivision or municipality is authorized to impose a franchise fee on a provider of video service if its programming is delivered over wireline facilities located even partly in the public right-of-way. La. R.S. 45:1363, *et seq.*, ("the Act"). Since 2008, cable providers in Louisiana have remitted fees to Louisiana political subdivisions and municipalities under the Consumer Choice for Television Act and local ordinances.

2.      In recent years, more and more Louisianans have shifted to subscription-based, streaming video services like Netflix, Inc. and Hulu, LLC (collectively "Defendants") to view their favorite television programs and movies. Despite gaining customers from other cable television providers Defendants have not paid the appropriate franchise fees, which deprives Louisiana political subdivisions and municipalities of much-needed revenue.

3.      The 2008 Consumer Choice for Television Act applies to Defendants just as it applies to other video-service providers. The 2008 Act defines "video service" as "video programming services provided through wireline facilities located at least in part in public rights of way without regard to delivery technology, including Internet protocol technology. 'Video service' shall not include any video programming provided by a commercial mobile service

1

provider as defined in this Section or video programming provided as part of a service that enables users to access content, information, e-mail, or other services offered over the public Internet." La. R.S. 45:1363(14). Netflix and Hulu provide video programming via its customer's internet-connected devices. When doing so, Netflix and Hulu deliver its video programming through wireline facilities located at least in part in the public right-of-way. Further, when delivering its video programming, Defendants use intent protocol technology. Therefore, Netflix and Hulu are video-service providers within the meaning of the Act.

4.     Plaintiff, City of Kenner, on behalf of itself and other Louisiana political subdivisions and municipalities, seeks to require Defendants to abide by the Act and to pay their fair share of fees owed to these political subdivisions and municipalities — as should all providers of video service.

## PARTIES, JURISDICTION, AND VENUE

5.     The City of Kenner ("Kenner" or "Plaintiff") is a lawfully existing Louisiana political subdivision under La. Const. Art. VI, § 44 and all other applicable laws, and it has been at all times during the preceding three years under La. R.S. 45:1367(B).

6.     Pursuant to the 2008 Consumer Choice for Television Act, Plaintiff is authorized to, and does, impose a fee on each video-service provider operating in the City of Kenner.  La. R.S. § 45:1366 (A).  Kenner's code of ordinances states "that all persons or entities providing cable or video services to the citizens of the City of Kenner pursuant to a state-issued certificate of franchise authority as provided in LSA-RS. 45:1361 et seq., shall, pursuant to the provisions of LSA-R.S. 45:1366, pay the City of Kenner a franchise fee equal to five percent of the cable or video service provider's gross revenues, as that term is defined by the "Consumer Choice for Television Act of 2008,' derived from operations within the City's municipal limits" (referred to herein as the "Kenner Ordinance").

7.     Defendant Netflix, Inc. ("Netflix") is a Delaware corporation, with its headquarters in California. The company's primary businesses are its video service, which offers online streaming of a library of films and television programs, as well as the distribution and production of original films and television series. Defendant does business in Louisiana and has done so at all times during the preceding five years.

8.     Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company, with headquarters in California. The company's primary businesses are its video service, which

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

offers online streaming of live video programming and a library of films and television programs, as well as the distribution and production of original films and television series. Defendant does business in Louisiana and has done so at all times during the preceding three years.

9.      This Court possesses subject-matter jurisdiction under La. Const. Art. V, §16 (unless otherwise provided, district courts have original jurisdiction of all civil and criminal matters) to enforce Defendants' obligations to pay video-service-provider fees under Louisiana's 2008 Consumer Choice in Television Act.

10.     This Court possesses personal jurisdiction under La. R.S. § 13:3201 because Defendants (1) are foreign entities doing business in and regularly transacting business in Louisiana, (2) regularly contract to supply services in Louisiana, and (3) have minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state.

11.     Venue in this court is proper according to Louisiana Code of Civil Procedure Articles 42, *et seq.* because Plaintiff resides in Jefferson Parish, the complained-of actions occurred in this Parish, and Defendants can be found or do business in this Parish.

## CLASS ACTION ALLEGATIONS

12.     This action is brought by Plaintiff pursuant to Louisiana Code of Civil Procedure Article 591 on behalf of itself and a class defined as follows: "All other Louisiana political subdivisions authorized to collect a video-service provider fee pursuant to the 2008 Consumer Choice for Television Act, La. R.S. § 45:1363 *et. seq.,* and where Defendants have provided or continue to provide video service." Excluded from the Class are Defendants and any of their members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

13.     **Numerosity:** The proposed class includes at least 40 Louisiana political subdivisions, many of which are small with very limited resources. These smaller jurisdictions have limited staffs and budgets, with little or no funds available for litigation of this nature. The class is so numerous that joinder of all members is impracticable.

14.     **Commonality:** There are questions of law or fact common to the class,

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

including whether Defendants provide video service within class members' geographic areas, whether Defendants generate gross revenues from such operations, and whether such gross revenues are subject to video-service-provider fees, and the following:

    a.  Whether Defendants provide video service, as defined by La. R.S. § 45:1363 *et seq.*, within Plaintiff's and the other Class members' geographic areas;

    b.  Whether Defendants are video service providers, as defined by La. R.S. § 45:1363 *et seq.*

    c.  The appropriate measure of damages to award Plaintiff and the other Class members; and

    d.  The appropriate declaratory relief to which Plaintiff and the other Class members are entitled.

15.    **Typicality:** The claims asserted by Plaintiff are typical of the claims of the class in that their fee provision ordinances are largely identical, and the interpretation and application of the applicable statutes and ordinances will be similar for all class members.

16.    **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of class members in that their interests are aligned. Plaintiff has also retained counsel, competent and experienced in class-action litigation, including municipal class actions.

17.    The prosecution of separate actions by individual class members would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants; and (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not party to the adjudications or substantially impair or impede their ability to protect their interests.

18.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. Defendants have conducted business as if the video-service-provider fees do not apply to their business(es) or gross revenues, so the Defendants have failed or refused to pay these fees.

19.    **Predominance and Superiority:** Further, questions of law or fact common to class members (e.g., whether Defendants provide video service within the class members' geographic areas, whether Defendants generate gross revenues from such operations, and whether such gross revenues are subject to video-service-provider fees) predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

## FACTUAL ALLEGATIONS

20.     Defendants provide paid video programming service to customers.  Said video programming service includes television shows, movies, documentaries and other programming.

21.     Netflix earned $5.77 billion in revenue in the first quarter of 2020 alone. Netflix currently has approximately 182.8 million customers.

22.     Hulu currently has over 32.1 million subscribers in the United States.

23.     Netflix and Hulu compete with other video-service providers, offering video programming that is comparable to that provided by cable service providers and television-broadcast stations. Netflix and Hulu provide paid video service to customers in the City of Kenner and in other class members. Netflix and Hulu do not pay the required video-service-provider fees to any class members.

24.     Customers view Netflix's and Hulu's video programming — such as television shows, movies, and documentaries — using an internet-connected device. Internet-connected devices are electronic devices that have software enabling such devices to receive and then display Defendants' video programming, including smart televisions, streaming media players like Roku or Apple TV, smartphones, tablets, video game consoles, set-top boxes from cable and satellite providers, Blu-ray players, and personal computers.

25.     To stream Netflix's video programming, Netflix customers must subscribe to one of three monthly plans: a $8.99 basic plan that allows customers to watch video programming on one device at a time, a $12.99 standard plan that allows customers to watch video programming on two devices at a time, or a $15.99 premium plan that allows customers to watch video programming on four devices at a time. Subscribers have a unique account that facilitates their paid access to Netflix's services, which are not offered for free to the general public.

26.     Some of Netflix's most popular offerings consist of exclusive programming not available through other video-service-providers, including hit shows such as "House of Cards", "Stranger Things", and "The Crown." Netflix combines its vast streaming library with its original content, and states that it offers video programming that is "comparable to similarly-focused US domestic cable networks."

27.     To stream Hulu's video programming, Hulu customers must similarly subscribe to a monthly plan. The basic $5.99 plan is ad-supported, meaning it includes commercials. For

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

$11.99 per month, subscribers can receive Hulu's programming without commercials. Subscribers have a unique account that facilitates their paid access to Hulu's services.

28.     Hulu also offers a plan for $54.99 per month called Basic with Live TV. It combines access to Hulu's streaming libraries with live programming from over 50 TV channels, including the most popular sports, news, and entertainment channels.  Hulu also offers a plan for $60.99 per month called Premium with Live TV.  The plan offers all the services of Basic with Live TV, but subscribers can receive Hulu's programming without commercials.  As with all its programming, the subscriber uses an internet-connected device to view Basic with Live TV and Premium with Live TV.

29.     As with Netflix, some of Hulu's most popular offerings consist of exclusive programming not available through other video-service-providers, like the hit show "The Handmaid's Tale" and the documentary "The Beatles: Eight Days a Week." This original content, combined with Hulu's vast library of licensed TV shows and movies, allows Hulu to offer video programming comparable to other TV networks. As one of Hulu's executives recently put it in a Hulu press release, "Hulu is the complete TV experience for consumers, offering both live and on-demand programming and more consumer choice than ever before."

30.     Netflix and Hulu provide video programming to their customers through wireline facilities located at least in part in the public rights of way. Neither Netflix nor Hulu actually provide their customers access to the public internet. Instead, customers receive an internet connection through an internet-service provider ("ISP"). The internet-service provider supplies an internet account and a physical means to connect to the internet (such as a modem), which allows customers to access the internet.

31.     When a customer wants to watch Netflix or Hulu, he or she uses an internet-connected device to send a request to the internet-service provider. The ISP then forwards that request to Netflix's and Hulu's dedicated internet servers, which in turn provide a response. This response is then relayed back to the customer's device, and Netflix and Hulu deliver the video programming via internet protocol technology to Defendant's customers.

32.     Netflix uses a content delivery network called Netflix Open Connect to deliver 100% of its video traffic. When a Netflix customer wants to view Netflix programming, the customer's internet-service provider will connect the customer to the closest Netflix Open

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

Connect server offering the fastest speeds and best video quality.

33.     Netflix has placed Open Connect servers in nearly 1,000 separate locations. According to Netflix, this means most customers receive Netflix's video programming from servers either inside of or directly connected to, their internet-service provider's network within their local region. *Id.* Netflix has "end-to-end" control of its entire Open Connect system, including any servers located in Louisiana.

34.     Similar to Netflix, when a Hulu customer wants to view Hulu, the customer's internet-service provider will connect the customer to the Hulu server. Hulu receives the directive and checks the user's entitlement, the location, and the content availability. Hulu then delivers the program through the internet to the internet-connected device.

35.     Netflix's and Hulu's customers typically use a broadband internet connection, such as DSL or fiber optic cable to receive Defendants' programming. In the City of Kenner, common providers of broadband internet service include AT&T. These broadband internet connections rely upon wireline facilities located in the public right-of-way to bring internet service to customers. In turn, this means that Netflix and Hulu provide their video programming through wireline facilities located at least in part in the public right-of-way because they use these broadband internet connections in the public right-of-way to provide their video programming.

36.     Netflix and Hulu are video-service providers within the meaning of Louisiana's 2008 Consumer Choice in Television Act, which defines "video service" as "video programming services provided through wireline facilities located at least in part in public rights of way without regard to delivery technology, including Internet protocol technology. 'Video service' shall not include any video programming provided by a commercial mobile service provider as defined in this Section or video programming provided as part of a service that enables users to access content, information, e-mail, or other services offered over the public Internet." La. R.S. 45:1363(14). This exception relates to internet service providers. Neither Netflix nor Hulu are internet service providers. Further, Netflix and Hulu are not commercial mobile service providers as defined by 47 U.S.C. § 332(d) or La. R.S. 45:1363(5), and Netflix and Hulu are not providing video programming solely as part of a service that enables users to access content, information, electronic mail or other service offered over the public Internet.

37.     Upon information and belief, Netflix and Hulu provide paid video service within the City of Kenner, and other class members' geographic areas. Netflix and Hulu have failed to

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

comply with Louisiana's 2008 Consumer Choice in Television Act by failing to give notice of intent to provide service within the City of Kenner, and within other class members, and failing to pay the required franchise fees to the City of Kenner and other class members.

## COUNT I — DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND AN ACCOUNTING

38.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 – 37 of this Petition as if more fully set forth herein.

39.     Defendants are engaged in the business of providing video service in Plaintiff and other class members' geographic areas within the meaning of the Louisiana's 2008 Consumer Choice in Television Act, La. R.S. § 45:1363 *et seq.* Defendants derive gross revenues from their business, and Defendants have engaged in this business and derived gross revenues, as defined by La. R.S. § 45:1363(8), from that business at all times during the preceding three years under La. R.S. § 45:1367 (B).

40.     Defendants have failed to pay or refused to pay franchise fees to Plaintiff as required by the 2008 Act and by the Kenner Ordinance. Further, Defendants have failed to pay or refused to pay franchise fees to class members as required by the Act and by similar code and ordinance provisions applicable to any member of the putative class.

41.     Defendants' competitors in the video-service market, such as AT&T, have paid and continue to pay video-service-provider fees to class members under the statutes, codes, and ordinances that Defendants refuse to honor, despite such laws requiring fair and nondiscriminatory competition and regulation.

42.     A justiciable controversy exists between Plaintiff, Defendants, and class members.

43.     Plaintiff and class members do not have an adequate remedy at law. Defendants' violations of the 2008 Act and Plaintiffs and class members' codes and ordinances are continuing, and Plaintiff and class members would be required to bring successive actions to enforce compliance and to collect unpaid fees.

44.     Unless Defendants are enjoined from violating the applicable statutes, local codes and ordinances, Plaintiff and class members will suffer irreparable harm or injury. Plaintiff and the class members are being deprived of revenues to which they are entitled, and which are needed, for public health, safety and welfare. In all probability, since Defendants intend to continue engaging in this business within the jurisdictions of Plaintiff and all class members, and

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

deriving gross revenues from said business, Plaintiff and all class members will continue to be deprived of franchise fees unless Defendants are so enjoined.

45.    Defendants have a legal and fiduciary duty to keep and maintain accurate accounts and records "pertaining to gross revenues received from the provision of video services provided to consumers located within the geographic area" of Plaintiff and class members. *La. R.S. § 45:1363(8)*.  Plaintiff seeks to review the business records of the defendant video service providers pursuant to La. R.S § 45:1367(A) to ensure payment of appropriate franchise fees.

46.    Plaintiff has incurred and will continue to incur costs and attorneys' fees needed for the investigation and prosecution of these claims. Those attorneys' fees and other expenditures will result in a benefit to all members of the class, and Plaintiff's counsel should recover these fees and expenditures pursuant to applicable law.

### COUNT II – VIOLATION OF LA. R.S. § 45:1363 – 1370

47.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 – 46 of this Petition as if more fully set forth herein.

48.    Defendants are engaged in the business of providing video service in Plaintiff and other class members' geographic areas within the meaning of the Louisiana's 2008 Consumer Choice in Television Act, La. R.S. § 45:1363 *et seq.* Defendants derive gross revenues from their business, and Defendants have engaged in this business and derived gross revenues, as defined by La. R.S. § 45:1363(8), from that business at all times during the preceding three years under La. R.S. § 45:1367 (B).

49.    Defendants have failed to pay or refused to pay franchise fees to Plaintiff as required by the 2008 Act and by the Kenner Ordinance. Further, Defendants have failed to pay or refused to pay franchise fees to class members as required by the Act and by similar code and ordinance provisions applicable to any member of the putative class.

50.    Plaintiff City of Kenner is owed five percent (5%) of the gross revenues of the Defendant video service providers, together with interest and penalties, as a result of its failure to comply with the applicable statutes, codes and ordinances, which fees are due quarterly to the Plaintiff through its Department of Finance, owed as back-fees for the preceding three years.

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

## COUNT III — UNJUST ENRICHMENT

51.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 – 46 of this Petition as if more fully set forth herein.

52.     Defendants have operated as video-service providers in the geographic areas of Plaintiff and other class members.

53.     By not remitting video-service-provider fees, Netflix and Hulu have received the benefit of doing business in Plaintiff and other class members without paying required fees, been aware that they were doing business without paying required fees, and accepted and retained this benefit under circumstances that are inequitable or unjust, that is, by depriving Plaintiff and other class members of monies due under the statutes, codes, and ordinances that Defendants refuse to honor.

WHEREFORE, Plaintiff, on behalf of itself and all Louisiana political subdivisions similarly situated, prays that this Court:

A.     Declare and adjudge that Defendants provide video service within the meaning of Louisiana's 2008 Consumer Choice for Television Act.

B.     Enter judgment in favor of each class member and against Defendants for the franchise fees, interest and penalty due each class member from Defendants;

C.     Declare and adjudge that Defendants have failed to comply with and owe franchise fees under Louisiana's 2008 Consumer Choice in Television Act, the Kenner Ordinance, and similar class member code and ordinance provisions for the preceding five years and for the duration of this litigation;

D.     Order an accounting of all monies that Defendants owe Plaintiff and class members, including interest and penalties;

E.     Enjoin and restrain Defendants from engaging in business within the boundaries of Plaintiff and class members and deriving gross revenues therefrom without paying the required franchise fees;

F.     Award attorneys' fees, costs and expenses from the amount(s) recovered for the common benefit of the class; and

G.     Order such other and further relief as the Court deems just and proper under the circumstances.

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER

Respectfully Submitted,

By:_____
Joseph Bruno, Sr. (LBN 3604)
Bruno & Bruno, LLC
855 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-1335
Facsimile: (504) 581-1493
E-mail: jbruno@brunobrunolaw.com


Malvern C. Burnett
Malvern C. Burnett, APLC
1523 Polymnia Street
New Orleans, LA 70130
Telephone: (504) 586-1922
Email: mburnett@burnettlawoffices.com


Joshua C. Joseph
Joshua Joseph Law Firm, LLC
1523 Polymnia Street
New Orleans, LA 70130
Telephone: (504) 208-9922
Email: joshuajosephlawfirm@gmail.com


Elkin L. Kistner  Missour Bar Roll #35287
Bick & Kistner, P.C.
101 South Hanley Road, Suite 1280
St. Louis, Missouri 63105
Telephone:  (314) 571-6823
Facsimile:  (314) 727-9071
E-mail: elkinkis@bick-kistner.com

**PLEASE SERVE:**
NETFLIX INC.                        *EBR ck# 76755    $39.36*
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816


**PLEASE ISSUE SUMMONS FOR LONG ARM SERVICE ON:**
HULU, LLC
2500 Broadway Ste. 200
Santa Monica, CA 90404-3071

11

Exhibit A
Page 12

24th E-Filed: 01/22/2021 14:10 Case: 814168 Div:M Atty:033278 DANIEL A MEYER



**JON A. GEGENHEIMER**

**JEFFERSON PARISH CLERK OF COURT**

*24th Judicial District Court Civil Records Department*

P.O. BOX 10 ● GRETNA LA 70054-0010 ● (504) 364-3740

# CIVIL RECORDS TELEPHONE CALL LOG

## Call 1

Case No: __814-168__ Div. "__M__" _____ 1/25 , 20 21

Deputy Clerk: s/ __COURTNEY KNIGHT__ Time: __9:35 AM__

Deputy Clerk Spoke To: __OSMARIE- LEFT VOICEMAIL__ _____ of

_____

In Re: _____

Message to Provide if Attorney/Litigant/Designee Returns Call:

**EBR SHERIFF $39.36**

## Call 2

Case No: __814-168__ Div. "__M__" _____ , 20 21

Deputy Clerk: s/_____ Time: _____

Deputy Clerk Spoke To: _____ of

_____

In Re: _____

Message to Provide if Attorney/Litigant/Designee Returns Call:

## Call 3

Case No: __814-168__ Div. "__M__" _____ , 20____

Deputy Clerk: s/_____ Time: _____

Deputy Clerk Spoke To: _____ of

_____

In Re: _____

Message to Provide if Attorney/Litigant/Designee Returns Call:

**Courtney M. Knight**

| | |
|---|---|
| **From:** | Stephanie Alexie <stephaniea@brunobrunolaw.com> |
| **Sent:** | Monday, January 25, 2021 10:11 AM |
| **To:** | Courtney M. Knight |
| **Subject:** | RE: EFile Case: 814168/ filing fee needed (Streaming Case) |

Hi Courtney:

I will issue the payment and mail it today.  Please advise of the address and whose attention the check should be sent to.  Thank you!

Stephanie Alexie
Executive Legal Assistant to Joseph M. Bruno
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Direct: (504) 304-2640
Email: stephaniea@brunobrunolaw.com



The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone at (504) 525-1335.

**From:** Daniel Meyer <dmeyer@brunobrunolaw.com>
**Sent:** Friday, January 22, 2021 4:08 PM
**To:** Stephanie Alexie <stephaniea@brunobrunolaw.com>
**Subject:** FW: EFile Case: 814168/ filing fee needed (Streaming Case)

Filing fee on Streaming case, can you please handle this check and service?

**From:** Courtney M. Knight [mailto:cknight@jpclerkofcourt.us]
**Sent:** Friday, January 22, 2021 3:35 PM
**To:** Daniel Meyer <dmeyer@brunobrunolaw.com>
**Subject:** EFile Case: 814168

Please contact the civil filing department regarding the document: 20210122 Petition  Kenner v. Netflix.pdf e-filed on 1/22/2021 2:10:34 PM.

1

**\*PLEASE RESPOND TO THIS EMAIL TO AVOID A COURTESY CALL\***

IN ORDER TO FULLY PROCESS YOUR E-FILE WE WILL NEED THE FOLLOWING SERVICE CHECKS:

EAST BATON ROUGE SHERIFF #39.36

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail or by telephone.

2

**Stephanie Alexie**

| | |
|---|---|
| **From:** | Daniel Meyer |
| **Sent:** | Friday, January 22, 2021 4:08 PM |
| **To:** | Stephanie Alexie |
| **Subject:** | FW: EFile Case: 814168/ filing fee needed (Streaming Case) |

Filing fee on Streaming case, can you please handle this check and service?

**From:** Courtney M. Knight [mailto:cknight@jpclerkofcourt.us]
**Sent:** Friday, January 22, 2021 3:35 PM
**To:** Daniel Meyer <dmeyer@brunobrunolaw.com>
**Subject:** EFile Case: 814168

Please contact the civil filing department regarding the document: 20210122 Petition  Kenner v. Netflix.pdf e-filed on 1/22/2021 2:10:34 PM.

**\*PLEASE RESPOND TO THIS EMAIL TO AVOID A COURTESY CALL\***

IN ORDER TO FULLY PROCESS YOUR E-FILE WE WILL NEED THE FOLLOWING SERVICE CHECKS:

EAST BATON ROUGE SHERIFF #39.36     CK # 76755

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail or by telephone.

FILED FOR RECORD 01/28/2021 13:59:19
Sch线e S. Borne, DY CLERK
JEFFERSON PARISH, LA

1

(101) CITATION: CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES; 210126-5779-3

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

CITY OF KENNER
versus
NETFLIX INC, HULU LLC

Case: 814-168 Div: "M"
P 1 CITY OF KENNER

To: HULU LLC
2500 BROADWAY STE 200
SANTA MONICA CA 90404-3071

LONG ARM SERVICE

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within (30) CALENDAR days after the return of service hereof, under penalty of default.

This service was requested by attorney DANIEL A. MEYER and was issued by the Clerk of Court on the 26th day of January, 2021.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

***** GOVERNMENT *****

SERVICE INFORMATION

(101) CITATION: CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES; 210126-5779-3

Received:__________ Served:__________ Returned:__________

Service was made:
___ Personal ___ Domicilary ____________________

Unable to serve:
___ Not at this address ___ Numerous attempts _____ times
___ Vacant ___ Received too late to serve
___ Moved ___ No longer works at this address
___ No such address ___ Need apartment / building number
___ Other ________________________________________

Service: $__________ Mileage: $__________ Total: $__________

Completed by:______________________________________ # __________
Deputy Sheriff

Parish of: ______________________________________________

Imaged 01/26/2021 02:31 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello

(101) CITATION: CLASS ACTION PETITION FOR DECLARATORY RELIEF
AND DAMAGES;                                           210128-6254-2

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

CITY OF KENNER
  versus
NETFLIX INC AND  HULU LLC

Case: 814-168    Div: "M"
P 1  CITY OF KENNER

To:  NETFLIX INC
THROUGH ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE LA 70816

EBR CK #76755 $39.36

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION
PETITION FOR DECLARATORY RELIEF AND DAMAGES of which a true and correct copy
accompanies this citation, or make an appearance either by filing a pleading or otherwise, in
the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within
FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney DANIEL A. MEYER and was issued by the Clerk of
Court on the 28th day of January, 2021.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

### *** GOVERNMENT ***
_____SERVICE INFORMATION_____

(101) CITATION: CLASS ACTION PETITION FOR DECLARATORY RELIEF
AND DAMAGES;                                           210128-6254-2

Received:_____    Served:_____    Returned:_____

Service was made:
 ___ Personal          ___ Domicilary _____

Unable to serve:
 ___ Not at this address     ___ Numerous attempts _____ times
 ___ Vacant                 ___ Received too late to serve
 ___ Moved                  ___ No longer works at this address
 ___ No such address        ___ Need apartment /  building number
 ___ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____# _____
       Deputy Sheriff
Parish of: _____



BRUNO & BRUNO LLP
& YOU, SINCE 1950   TRIAL LAWYERS

JOSEPH M. BRUNO*
STEPHEN P. BRUNO
JOSEPH M. BRUNO, JR

STEPHANIE MAY BRUNO*
DANIEL A. MEYER**
DON D. REICHERT
BRANDON M. BENNETT
MARKITA S. HAWKINS

OF COUNSEL
ROBERT J. BRUNO
ROBERT B. REES

* ALSO LICENSED TO PRACTICE LAW IN
+ ALSO LICENSED TO PRACTICE LAW IN MISSISSIPPI

REPLY TO (PLEASE CHECK)

NEW ORLEANS  X
COVINGTON

January 28, 2021

**VIA CERTIFIED/RETURN RECEIPT # 7016 2070 000 7172 4440**
HULU, LLC
2500 Broadway Ste 200
Santa Monica, CA 90404-3071

Re:   *City of Kenner vs. Netflix, Inc and Hulu, LLC*
      **24th Judicial District Court, Parish of Jefferson**
      **Case No.: 814-168; Division "M"**

To Whom It May Concern:

In accordance with the Louisiana Long Arm Statue, I am hereby serving you with a copy of the Citation and Petition for Damages in connection with the above referenced matter.

As noted on the Citation, you are hereby given thirty (30) days from receipt of this letter and enclosures within which to respond to the Petition.

Please respond accordingly.

Very truly yours,

BRUNO & BRUNO, L.L.P.

Joseph M. Bruno, Sr.

/sa
Enclosure

855 BARONNE ST., NEW ORLEANS, LA 70113  •  TEL 504-525-1335
70025 HIGHWAY 1077, SUITE 300, COVINGTON LA 70433 •  TEL 985-238-1335
TOLL FREE 1-800-966-1335 • WWW.BRUNOBRUNOLAW.COM



EXHIBIT
A

24th E-Filed: 02/04/2021 12:10 Case: 814168 Div:M Atty:003604 JOSEPH M BRUNO

**CERTIFIED MAIL® RECEIPT**

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To
HULU, LLC

Street and Apt. No., or PO Box No.
2500 Broadway Ste 200

City, State, ZIP+4®
Santa Monica, CA 90404-3071

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 2070 0000 7172 4440

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HULU, LLC
2500 Broadway Ste 200
Santa Monica, CA 90404-3071

9590 9402 4491 8248 7658 84

2. Article Number *(Transfer from service label)*
7016 2070 0000 7172 4440

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☑ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

24th E-Filed: 02/04/2021 12:10 Case: 814168 Div:M Atty:003604 JOSEPH M BRUNO



**70162070000071724440**

Add Name

**Delivered:**
SANTA MONICA, CA 90404 on
February 1, 2021 at 3:37 pm

---

**Additional Information**

Your item was delivered to the front desk, reception area, or mail room at 3:37 pm on February 1, 2021 in SANTA MONICA, CA 90404.

Get Text and Email Updates

**Tracking History**

**February 1, 2021**
**3:37 pm**
Delivered, Front Desk/Reception/Mail Room,
SANTA MONICA, CA 90404

---

**February 1, 2021**
**1:17 am**
Departed USPS Regional Facility,
LOS ANGELES CA DISTRIBUTION CENTER

---

**January 31, 2021**
**12:24 pm**
Arrived at USPS Regional Facility,
LOS ANGELES CA DISTRIBUTION CENTER

---

**January 30, 2021**
In Transit to Next Facility,

---

**January 29, 2021**
**8:39 pm**
Arrived at USPS Regional Facility,
NEW ORLEANS LA DISTRIBUTION CENTER

---

Remove from Tracking

24th E-Filed: 02/04/2021 12:10 Case: 814168 Div:M Atty:003604 JOSEPH M BRUNO

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.:   814-168                                              DIVISION: "M"

CITY OF KENNER

V.

NETFLIX, INC., AND HULU, LLC

FILED: _____                DEPUTY CLERK: _____

### AFFIDAVIT OF RETURN OF SERVICE

STATE OF LOUISIANA

PARISH OF ORLEANS

      BEFORE ME, the undersigned authority, personally came and appeared:

**STEPHANIE L. ALEXIE**

who, after being duly sworn and under oath, declared that:

      Appearer personally mailed by U.S. Mail, certified receipt number 7016 2070 0000 7172 4440, with sufficient postage attached, properly addressed to HULU, L.L.C., a certified copy of the Petition for Damages, together with the citation in regard to the above captioned matter.

      The return receipt indicating service on the defendant was made by delivery on February 1, 2021.  The original return receipt is attached to this affidavit.

_____
**STEPHANIE L. ALEXIE**

SWORN TO AND SUBSCRIBED BEFORE

ME THIS 4th day of February 2021.

_____   Bar Number 3604
Notary Public

My commission expires at: _____

24th E-Filed: 02/04/2021 12:10 Case: 814168 Div:M Atty:003604 JOSEPH M BRUNO



JOSEPH M. BRUNO*
STEPHEN P. BRUNO
JOSEPH M. BRUNO. JR

STEPHANIE MAY BRUNO*
DANIEL A. MEYER**
DON D. REICHERT
BRANDON M. BENNETT
MARKITA S. HAWKINS

OF COUNSEL
  ROBERT J. BRUNO
  ROBERT B. REES

* ALSO LICENSED TO PRACTICE IN TEXAS
**ALSO LICENSED TO PRACTICE IN MISSISSIPPI

REPLY TO (PLEASE CHECK)

NEW ORLEANS  X
COVINGTON

January 28, 2021

<u>VIA CERTIFIED/RETURN RECEIPT # 7016 2070 000 7172 4440</u>
HULU, LLC
2500 Broadway Ste 200
Santa Monica, CA 90404-3071

Re:   *<u>City of Kenner vs. Netflix, Inc and Hulu, LLC</u>*
      **24th Judicial District Court, Parish of Jefferson**
      **Case No.: 814-168; Division "M"**

To Whom It May Concern:

     In accordance with the Louisiana Long Arm Statue, I am hereby serving you with a copy of the Citation and Petition for Damages in connection with the above referenced matter.

As noted on the Citation, you are hereby given thirty (30) days from receipt of this letter and enclosures within which to respond to the Petition.

     Please respond accordingly.

                              Very truly yours,

                              BRUNO & BRUNO, L.L.P.

                              Joseph M. Bruno, Sr.

/sa
Enclosure

855 BARONNE ST., NEW ORLEANS, LA 70113  •  TEL 504-525-1335
70025 HIGHWAY 1077, SUITE 300, COVINGTON LA 70433  •  TEL 985-235-1335
TOLL FREE 1-800-966-1335 • WWW.BRUNOBRUNOLAW.COM



EXHIBIT
A

24th E-Filed: 02/04/2021 12:10 Case: 814168 Div:M Atty:003604 JOSEPH M BRUNO

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To    HULU, LLC
Street and Apt. No.    2500 Broadway Ste 200
City, State, ZIP+4®    Santa Monica, CA 90404-3071

7016 2070 0000 7172 4440

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HULU, LLC
2500 Broadway Ste 200
Santa Monica, CA 90404-3071

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 4491 8248 7658 84

2. Article Number *(Transfer from service label)*
7016 2070 0000 7172 4440

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                        ☐ Addressee
B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

24th E-Filed: 02/04/2021 12:10 Case: 814168 Div:M Atty:003604 JOSEPH M BRUNO



**70162070000071724440**

Add Name

**Delivered:**
SANTA MONICA, CA 90404 on
February 1, 2021 at 3:37 pm

---

**Additional Information**

Your item was delivered to the front desk, reception area, or mail room at 3:37 pm on February 1, 2021 in SANTA MONICA, CA 90404.

---

Get Text and Email Updates

---

**Tracking History**

**February 1, 2021**
**3:37 pm**
Delivered, Front Desk/Reception/Mail Room,
SANTA MONICA, CA 90404

---

**February 1, 2021**
**1:17 am**
Departed USPS Regional Facility,
LOS ANGELES CA DISTRIBUTION CENTER

---

**January 31, 2021**
**12:24 pm**
Arrived at USPS Regional Facility,
LOS ANGELES CA DISTRIBUTION CENTER

---

**January 30, 2021**
In Transit to Next Facility,

---

**January 29, 2021**
**8:39 pm**
Arrived at USPS Regional Facility,
NEW ORLEANS LA DISTRIBUTION CENTER

---

Remove from Tracking

24th E-Filed: 02/04/2021 12:10 Case: 814168 Div:M Atty:003604 JOSEPH M BRUNO

(101) CITATION: CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES;                    210128-6254-2

FILED FOR RECORD 02/09/2021 11:15:35
Dianne A. Everage DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

CITY OF KENNER
            versus
NETFLIX INC AND HULU LLC

Case: 814-168    Div: "M"
P 1  CITY OF KENNER

To: NETFLIX INC
THROUGH ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE LA 70816

EBR CK #76755 $39.36

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney DANIEL A. MEYER and was issued by the Clerk of Court on the 28th day of January, 2021.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

*** GOVERNMENT ***
SERVICE INFORMATION

(101) CITATION: CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES;                    210128-6254-2

Received:_____    Served:_____    Returned:_____

Service was made:
        ___ Personal        ___ Domicilary _____

Unable to serve:
        ___ Not at this address    ___ Numerous attempts _____ times
        ___ Vacant                 ___ Received too late to serve
        ___ Moved                  ___ No longer works at this address
        ___ No such address        ___ Need apartment / building number
        ___ Other

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____    #_____
                        Deputy Sheriff
Parish of: _____

I made service on the named party through the
CT Corporation
FEB 04 2021
Ashley Minvielle
by tendering a copy of this document to

E. CUMMINS
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED
FEB 0 3 2021
EBR Sheriff Of...

**24ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.   814-168                                                          DIVISION:  M

**CITY OF KENNER**

**VERSUS**

**NETFLIX, INC. AND HULU, LLC**

FILED:_____                    _____

                                                                        **DEPUTY CLERK**

**CONSENT MOTION FOR EXTENSION OF TIME**

      On motion of Defendants, Netflix, Inc. and Hulu, LLC., through undersigned counsel, and on suggesting to the Court that a Class Action Petition for Declaratory Relief and Damages has been filed herein against these defendants, and that Defendant, Netflix Inc. was served on February 4, 2021 and Defendant, Hulu, LLC was served on February 1, 2021, and that additional time will be necessary to properly investigate and file responsive pleadings, and on further suggesting that no prior extensions have been granted and plaintiff consents to an extension of time until April 8, 2021 for both Netflix, Inc. and Hulu, LLC in which to file responsive pleadings.

      Defendants, Netflix, Inc. and Hulu, LLC respectfully move for an Order granting an extension of time in which to file responsive pleadings until Thursday, April 8, 2021.

*[Signature Block Appears on Following Page]*

24th E-Filed: 02/24/2021 10:43 Case: 814168 Div:M Atty:038600 ARTHUR F WILLIAMS

Respectfully Submitted,

**MG+M LAW FIRM**

Glenn L. M. Swetman (LSBA No. 21904)
Brandie M. Thibodeaux (LSBA No. 29344)
Arthur F. Williams (LSBA No. 38600)

One Canal Place
365 Canal Street, Suite 3000
New Orleans, Louisiana 70130
Phone: (504) 535-2880
Fax:     (504) 535-2886
Email: MSwetman@mgmlaw.com
          BThibodeaux@mgmlaw.com
          AWilliams@mgmlaw.com
Web:   www.mgmlaw.com

And

**Latham & Watkins, LLP**
Mary Rose Alexander
Robert Collins
Jean Pawlow
Joseph Thomas
3300 North Wabash Ave. Ste. 2800
Chicago, IL 60611
Email: Mary.Rose.Alexander@lw.com
          Robert.Collins@lw.com
          Jean.Pawlow@lw.com
          Joseph.Thomas@lw.com
*Application to Enroll Pro Hac Vice forthcoming*

**ATTORNEYS FOR NETFLIX, INC.**

24th E-Filed: 02/24/2021 10:43 Case: 814168 Div:M Atty:038600 ARTHUR F WILLIAMS

**Gordon, Arata, Montgomery, Barnett,**
**McCollam, Duplantis & Eagan, LLC**

/s/ Martin E. Landrieu   (signed by Arthur F. Williams
                          with permission of Martin E.
                          Landrieu)

Martin E. Landrieu (LSBA No. 18995)
Phillip J. Antis, Jr. (LSBA No. 29067)
Micah C. Zeno (LSBA No. 36739)
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170
Phone: (504) 582-1111
Fax: (504) 582-1121
Email: MLandrieu@gamb.com
       PAntis@gamb.com
       MZeno@gamb.com


And

**Wilson Sonsini Goodrich & Rosati**
Victor Jih
Beth Gavin
Ryan Benyamin
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Phone: (323) 210-2900
Email: vjih@wsgr.com
       bgavin@wsgr.com
       rbenyamin@wsgr.com
*Application to Enroll Pro Hac Vice forthcoming*

**ATTORNEYS FOR HULU, LLC**


**Bruno & Bruno, LLC**

/s/ Joseph Bruno, Sr.   (signed by Arthur F. Williams
                         with permission of Joseph
                         Bruno, Sr.)
Joseph Bruno, Sr. (LSBA No. 3604)
855 Baronne Street
New Orleans, LA 70113
Phone: (504) 525-1335
Fax: (504) 581-1493
Email: jbruno@brunobrunolaw.com


**Malvern C. Burnett (LSBA No. 17495)**
1523 Polymnia Street
New Orleans, LA 70130
Phone: (504) 586-1922
Email: mburnett@burnettlawoffices.com

24th E-Filed: 02/24/2021 10:43 Case: 814168 Div:M Atty:038600 ARTHUR F WILLIAMS

3

**Joshua C. Joseph (LSBA No. 33699)**
1523 Polymnia Street
New Orleans, LA 70130
Phone:  (504) 208-9922
Email:  joshuajosephlawfirm@gmail.com

And

**Bick & Kistner, P.C.**
Elvin L. Kistner (Missouri Bar No. 35287)
101 South Hanley Road, Suite 1280
St. Louis, MO 63105
Phone:  (314) 517-6823
Fax:  (314) 727-9071
Email:  elkinkis@bick-kistner.com

**ATTORNEYS FOR CITY OF KENNER**

## CERTIFICATE OF SERVICE

I do hereby certify that I have this date delivered, by mail, fax and/or e-mail a true and

correct copy of the foregoing document to Plaintiff's counsel and have separately provided a copy

of this document to all known counsel of record.

SO CERTIFIED, this the 24th day of February, 2021.

_____
Arthur F. Williams

24th E-Filed: 02/24/2021 10:43 Case: 814168 Div:M Atty:038600 ARTHUR F WILLIAMS

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.   814-168                                                    DIVISION:  M

CITY OF KENNER

VERSUS

NETFLIX, INC. AND HULU, LLC

FILED:_____          _____
                                                  **DEPUTY CLERK**

24th E-Filed: 02/24/2021 10:43 Case: 814168 Div:M Aty:038600 ARTHUR F WILLIAMS

**ORDER**

Considering the foregoing Motion:

**IT IS ORDERED, ADJUDGED AND DECREED** that defendant, Netflix, Inc. be and hereby is granted the requested extension of time in which to file responsive pleadings and shall file same on or before Thursday, April 8, 2021.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant, Hulu, LLC be and hereby is granted the requested extension of time in which to file responsive pleadings and shall file same on or before Thursday, April 8, 2021.

Thus done this _____ 24 _____ day of _____February_____ _____2021_____ .

                                    _____
                                                           **JUDGE**

1

Exhibit A
Page 32

## 814168 CASE DOCKET BOOK

P1  CITY OF KENNER
D1  NETFLIX INC
D2  HULU LLC

| DATE | LIT | DESCRIPTION |
|---|---|---|
| 01/22/2021 | P1 | **FILE PETITION**:CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES |
| 01/22/2021 | P1 | **CIVIL CASE COVER SHEET – LA RS 13:4688**: |
| 01/26/2021 | P1 | **ISSUE CITATION** :CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES |
| 01/26/2021 | P1 | **RETURN**:LONG ARM/PROCESS SERVER - ISSUE CITATION **ID:**210126-5779-3 **TO:**HULU LLC **SERVICE:**N/A |
| 01/28/2021 | P1 | **ISSUE CITATION** :CLASS ACTION PETITION FOR DECLARATORY RELIEF AND DAMAGES |
| 02/04/2021 | P1 | **FILE AFFIDAVIT** :OF RETURN OF SERVICE |
| 02/04/2021 | P1 | **FILE EXHIBIT** :A/LETTER DATED 01/28/2021 |
| 02/09/2021 | P1 | **RETURN**:SHERIFF EAST BATON ROUGE PARISH - ISSUE CITATION **ID:**210128-6254-2 **TO:**NETFLIX INC **SERVICE:**PERSONAL 02/04/2021-CT CORPORATION |
| 02/24/2021 | D1 | **FILE MOTION W/O DATE**:FOR EXTENSION OF TIME [E/O 02/24/2021 - GRANTED :RAS] |