UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CITY OF KENNER, | ) CIVIL ACTION NO. 21-445 |
| Plaintiff, | ) SECTION: "T"(3) |
| v. | ) JUDGE GREGG GUIDRY |
| NETFLIX, INC., AND HULU, LLC, | ) MAG. JUDGE DANA DOUGLAS |
| Defendants. | ) |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respond to Plaintiff's submission of *Gwinnett County v. Netflix, Inc.*, No. 1:21-cv-21-MLB, 2021 WL 3418083 (N.D. Ga. Aug. 5, 2021). (Doc. 46.) While the Georgia district court followed *City of Fishers, Ind. v. DIRECTV*, No. 20-3478, 2021 WL 3073368 (7th Cir. July 21, 2021), it repeatedly noted the absence of Eleventh Circuit authority and catalogued the differences between these cases and "paradigmatic comity cases." 2021 WL 3418083, at *4 & *6. The *Gwinnett County* decision should not impact the Court's decision on Plaintiff's Motion to Remand because the decision conflicts with Fifth Circuit and other precedent explaining why comity abstention should not apply to a collection action removed under the Class Action Fairness Act ("CAFA").

The *Gwinnett County* court cited *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), for the proposition that "where there is power to decline jurisdiction and dismiss, there is power to remand." 2021 WL 3418083, at *3-4. But Plaintiff does not contend this Court has the power to—or should—*dismiss* its action against the streaming content providers on abstention


grounds. As *Cohill* explained, where a federal court has diversity jurisdiction over a removed damages action, the federal court "could not properly have eliminated the case from its docket, whether by a remand or by a dismissal." 484 U.S. at 356.

The *Gwinnett County* court ruled CAFA did not displace comity through "silence." 2021 WL 3418083, at *4. But CAFA expressly provides federal courts "shall" have jurisdiction over class actions satisfying CAFA's statutory criteria. 28 U.S.C. § 1332(d)(2). The Supreme Court has rejected implied exceptions to the removal statute, holding that "whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003). And the Fifth Circuit and this Court regularly have denied remands of CAFA-removed actions where the plaintiffs failed to demonstrate one of CAFA's express statutory exceptions applied. (Doc. 26, at 7 & n.1.)

The *Gwinnett County* court also held comity can apply to damages actions. 2021 WL 3418083, at *6. The Fifth Circuit, however, has followed the holding in *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 731 (1996), ruling a "damages action . . . allows the court no discretion and may not be remanded." *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 700 (5th Cir. 1999). The *Quackenbush* decision made clear the earlier *McNary* decision only addressed the "scope" of a taxpayer's § 1983 action that sought damages incidental to a determination a state law tax was "unconstitutional." 517 U.S. at 719. Reading *McNary* to encompass any damages claim preceded by a threshold liability determination—essentially every damages action—would render *Quackenbush* a nullity and be inconsistent with Fifth Circuit precedent.

The *Gwinnett County* court also followed the Seventh Circuit's ruling extending comity abstention to government-initiated collections actions. In so ruling, the Seventh Circuit relied on

general statements regarding the purpose of comity abstention and one sentence from the *Levin* decision.[1] The cited Supreme Court cases, however, involved taxpayer-filed actions seeking federal injunctions against state taxes, not collection actions by governments. These cases do not support extending comity abstention to collection actions.

Contrary to the Seventh Circuit's reasoning, the Second Circuit in June 2021 rejected the application of comity abstention to claims that "do not challenge [plaintiffs'] tax liability, and do not challenge or disrupt any aspect of the [government's] administration, calculation, or collection of any tax." *Dorce v. City of New York*, 2 F.4th 82, 98-101 (2d Cir. 2021). This Court should follow *Dorce* and reject the Seventh Circuit's novel extension of comity abstention.

Finally, the Georgia court invited an appeal, noting the lack of Supreme Court guidance as to the parameters of the comity doctrine and contrasting these cases with "paradigmatic comity cases."[2] Defendants have until September 7, 2021 to directly appeal the Georgia decision.

---

[1] *City of Fishers*, 2021 WL 3073368, at *4 ("'[A] proper reluctance to interfere by injunction with [a state's] fiscal operations[ ] require[s] that such relief should be denied in *every case* where the asserted federal right may be preserved without it.'" (quoting *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 422 (2010) (quoting *Matthews v. Rodgers*, 284 U.S. 521, 525 (1932))) (emphasis added).

[2] 2021 WL 3418083, at *6 (observing "this case was brought by municipalities rather than taxpayers (or even states); it involves franchise fees rather than ordinary taxes; it seeks to collect money that the state and its municipalities have not historically collected or relied on; it does not (currently) involve constitutional claims requiring complex, discretionary remedies; and it implicates a federal jurisdictional statute (CAFA) that itself reflects some sort of balance between federal and local interests" and stating that these "differences" may take the case "outside the core comity cases and into a greyer area"). For its part, the Seventh Circuit predicted the Supreme Court would be "sure to say more about the limits of comity abstention in years to come." *City of Fishers*, 2021 WL 3073368, at *8.

Respectfully submitted, August 17, 2021.

*/s/ Brandie M. Thibodeaux*
Glenn L. M. Swetman (La. Bar #21904)
Brandie M. Thibodeaux (La. Bar #29344)
Mary A. Reed (La. Bar #38641)
**MG+M LAW FIRM**
One Canal Place
365 Canal Street, Suite 3000
New Orleans, LA 70130
Telephone: (504) 535-2880
Facsimile: (504) 535-2886
Email: mswetman@mgmlaw.com
bthibodeaux@mgmlaw.com
mreed@mgmlaw.com

Mary Rose Alexander, *pro hac vice*
Robert C. Collins III, *pro hac vice*
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mary.rose.alexander@lw.com
robert.collins@lw.com

Jean A. Pawlow, *pro hac vice*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: jean.pawlow@lw.com

*Attorneys for Defendant Netflix, Inc.*

*/s/ Martin E. Landrieu*
Martin E. Landrieu (La. Bar #18995)
**(Trial Attorney)**
Phillip J. Antis, Jr. (La. Bar #29067)
Micah C. Zeno (La. Bar #36739)
**GORDON ARATA MONTGOMERY BARNETT MCCOLLAM DUPLANTIS & EAGAN, L.L.C.**
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
Email: mlandrieu@gamb.com
pantis@gamb.com
mzeno@gamb.com

Victor Jih, *pro hac vice*
Ryan S. Benyamin, *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: vjih@wsgr.com
rbenyamin@wsgr.com

*Attorneys for Defendant Hulu, LLC*