UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNER CITY                                    CIVIL ACTION

VERSUS                                         NO: 21-00445

NETFLIX, INC., et al.                          SECTION: T (3)

**ORDER**

Before the Court is a Motion to Remand filed by Plaintiff Kenner City.[1] Defendants filed a response in opposition.[2] With leave of Court, Plaintiff filed a reply.[3] For the reasons set forth below, The Court will GRANT Plaintiff's Motion to Remand relying on the principles of comity abstention articulated in *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010).

I.    Facts

On January 22, 2021, the City of Kenner ("Plaintiff") filed a petition for declaratory judgment and other relief against Netflix, Inc. and Hulu, LLC ("Defendants").[4] Plaintiff alleges that under the Louisiana Consumer Choice for Television Act (the "Act"), Defendants are video service providers and thus, are subject to pay franchise fees as required by the Act.[5] On March 3, 2021, Defendants removed the case asserting diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA").[6] Plaintiff now seeks to remand this matter back to state court under the comity abstention doctrine maintaining that this case concerns local jurisdictions

---

[1] R. Doc. 21.
[2] R. Doc. 27.
[3] R. Doc. 31.
[4] R. Doc. 1, p. 2.
[5] *Id*.
[6] R. Doc. 1-2, p.1.

1

collecting revenue, which cases belong in state court.[7]

The Act regulates the way cable television companies do business within the state. The Act requires "video service provider[s]" to enter into a franchise agreement with Louisiana political subdivisions or municipalities in exchange for use of a public right-of-way.[8] Holders of franchise agreements must pay franchise fees to local governing authorities in the holder's service area.[9] The Act defines "video service" as "video programming services provided through wireline facilities located at least in part in the public rights of way without regard to delivery technology, including Internet protocol technology."[10]

Defendants are subscription-based streaming video services providing video programming to customers in Louisiana.[11] Such video programming allows customers to view their favorite television shows, movies, and offers a live-television streaming option for Hulu customers.[12] Defendants compete with other video programming that is comparable to cable service providers and television broadcast stations.[13] Defendants offer paid video service to customers in the City of Kenner and other class members.[14] Defendants have not entered into a franchise agreement and do not pay the required video-service-provider fees to any class members.[15]

Plaintiff does not dispute the district court's subject matter jurisdiction over the case, but

---

[7] R. Doc. 21, p. 1.
[8] 2008 Consumer Choice for Television Act, La. R.S. § 45:1363(6).
[9] *Id*.
[10] La. R.S. § 45:1363(14).
[11] R. Doc. 1-1, p.2.
[12] *Id*. at p. 6.
[13] *Id*.
[14] *Id*.
[15] R. Doc. 1-1, p. 6.

instead files a motion to remand to state court on abstention grounds.[16] Invoking the comity abstention doctrine, Plaintiff argues that federal courts have long declined to exercise jurisdiction over cases involving local revenue collection and taxation.[17]

In response, Defendants argue that comity does not justify automatic remand for every case that involves state and local taxation and that CAFA excludes the comity doctrine.[18] Defendants contend that Plaintiff's reliance on *Levin* is improper because *Levin* involved a taxpayer-initiated challenge for applicable comity whereas Plaintiff is a state agency seeking to enforce a tax, rather than invalidate it.[19]

Plaintiff recognizes that the Fifth Circuit of the United States Court of Appeals and Eastern District of Louisiana do not have direct precedent on comity applicability on regulatory schemes with Louisiana and their relationship to emerging technologies and methods to deliver video services to consumers and have relied on previously decided actions concerning comity-based abstention and video services regulations.[20]

## II.     Legal Standard

A party may remove an action to federal court only if the original action could have been brought in federal court.[21] Diversity jurisdiction requires that no defendant have the same

---

[16] R. Doc. 21-1, p. 6.
[17] *Id.* at p. 1-2 ("[D]isputes concerning local jurisdictions collecting revenue belong in state court under the comity abstention doctrine. See, e.g., *Dows v. Chicago*, 78 U.S. 108, 110 (1870); *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421-23 (2010). '[A] proper reluctance to interfere by prevention with the fiscal operations of the state governments has caused us to refrain from doing so in all cases where the Federal rights of the persons could otherwise be preserved unimpaired.' *Levin*, 560 U.S. at 422 (quoting *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276, 282 (1909)").
[18] R. Doc. 27, p. 6.
[19] *Id.* at p. 9.
[20] R. Doc. 21-1, p. 2.
[21] 28 U.S.C. § 1441(a).

citizenship as the plaintiff and that the amount on controversy exceed $75,000.[22] A defendant may remove a class action when the CAFA statute's special diversity and procedural requirements are satisfied, all of which the parties agree are satisfied in this case.[23] Federal courts have an obligation to exercise the jurisdiction given to them.[24] Plaintiff asks the court to remand this matter under the doctrine of comity abstention. Because a decision to abstain pushes against this obligation, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[25]

A court may remand a case back to state court when the federal court lacks subject matter jurisdiction and "doubts whether removal jurisdiction is proper should be resolved against federal jurisdiction."[26] Even when removal is appropriate, a court may remand on comity-based abstention grounds.[27] In assessing whether remand is appropriate, the principles of abstention and comity recognize that "federal courts are courts of limited jurisdiction."[28] "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction," including challenges to "state taxation of commercial activity."[29] The doctrine has an understanding that "revenue collection is a core function of state governments.[30]

It is well settled that the comity doctrine allows for remand to state court on matters to collect franchise fees from video-service providers under the respective state's regulatory schemes.[31]

---

[22] 28 U.S.C. §1332(a).
[23] 28 U.S.C. §1332(d)(11).
[24] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).
[25] *Id.* at 813.
[26] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[27] *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 421 (2010).
[28] *Pinkozie v. Ricks*, 243 F. Supp. 3d 768, 779 (E.D. La. 2017).
[29] *Levin*, 560 U.S. at 421.
[30] *City of Fishers, Indiana v. DIRECTV*, 5 F.4th 750, 755 (7th Cir. 2021).
[31] See, e.g., *Gwinnett Cty., Georgia v. Netflix, Inc.*, No. 1:21-CV-21-MLB, 2021 WL 3418083, at *3 (N.D. Ga. Aug. 5, 2021); see e.g., *City of Fisher*, 5 F.4th at 755.

Recently, federal courts have cited to *Levin* to conclude that the comity doctrine justified remand to state court of class actions brought by cities to collect franchise fees from video-service providers under the respective state's regulatory systems.[32] Most notably in *Levin*, the Court reinforced the comity doctrine's broad foundation.[33] The Court remanded the case to state court holding that comity barred a suit by Ohio natural gas sellers challenging the constitutionality of state tax credit for public utilities that also sell natural gas.[34] In doing so, the Court sought to limit disruption of Ohio's detailed framework and streamlined process for adjudicating tax disputes because the "Ohio courts [were] better positioned than their federal counterparts to correct any constitutional violation."[35]

There are three circumstances supporting abstention: (1) "whether the subject of an action is one over which a state enjoys 'wide regulatory latitude'"; (2) "whether a party is seeking federal aid to improve their competitive position"; and (3) "whether a state court is better positioned to resolve the dispute due to familiarity with 'state legislative preferences.'"[36] The *Levin* Court found these factors supported abstention explaining: (1) "respondents seek federal-court review of commercial matters over which Ohio enjoys wide regulatory latitude; their suit does not involve any fundamental right or classification that attracts heightened judicial scrutiny;" (2) respondents

---

[32] See, e.g., *Gwinnett Cty.,* 2021 WL 2418083; *City of Fishers*, 5 F.4th 750 (7th Cir. 2021); *City of Creve Coeur, Missouri v. DIRECTV, LLC*, 2019 WL 3604631 (E.D. Mo. Aug. 6, 2019) (noting that by removing the case, the parties have invited federal court review of commercial matters of which Missouri and Missouri municipalities enjoy wide regulatory latitude and that state court would be a better forum for certain defenses related to the application of stat law and state constitution because without question the state court is more familiar with the state legislative preferences), leave to appeal denied, 2019 WL 7945996 (8th Cir. Sept. 12, 2019).
[33] *Levin*, 560 U.S. at 424.
[34] *Id.* at 417.
[35] *Id.* at 431-32.
[36] *City of Fishers*, 5 F.4th at 756.

5

portray themselves as third-party challengers to an unconstitutional tax scheme, they are in fact seeking federal-court aid in an endeavor to improve their competitive position;" and (3) Ohio courts are better positioned than their federal counterparts to correct any violation because they are more familiar with state legislative preferences."[37] *Levin* delivered a clear message that comity principles have great force "when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity."[38]

### III. Law and Analysis

#### a. A Levin-based analysis is appropriate in this case.

The parties dispute whether this case qualifies for a *Levin*-based comity abstention analysis. Despite the Supreme Court's emphasis on comity, Defendants argue this Court has no authority to remand on a non-statutory basis. In making this argument, Defendants rely primarily on the two factual differences between this dispute and the one at issue in *Levin*: (1) the state law in question here, the Louisiana Consumer Choice for Television Act, does not impose a direct tax, and (2) the City of Kenner initiated this action, unlike the third-party taxpayer who sought to diminish another entity's tax benefit. However, the franchise fee imposed under the Act, much like a tax, yields revenue for municipalities in Louisiana.[39] Additionally, "the district court's resolution of the merits issues will risk or result in federal court interreference with the fiscal affairs of local

---

[37] *Levin*, 560 U.S. at 431-32.
[38] *Id.* at 421.
[39] See *City of Fishers*, 5 F.4th at 755 (citing *DIRECTV, Inc. v. Tolson*, 513 F.3d 119, 125 (4th Cir. 2008) (interpreting the term "tax" broadly by holding franchise fees imposed on cable providers by North Carolina's regulatory schemes were taxes "[b]ecause the principle of comity reflects the recognition that states should be free from federal interference in the administration of their fiscal operations")); see also *Collins Holding Corp. v. Jasper Cty., S.C.*, 123 F.3d 797, 800 (4th Cir. 1997) ("If revenue paid into the state's (or county's) general fund and provides a general benefit to the public, it sounds like a tax.").

government – the principal concern of *Levin*."[40] The city's role as plaintiff in this lawsuit does not make any difference to the *Levin* abstention analysis. "[A] proper reluctance to interfere by injunction with [a state's] fiscal operations[ ] require[s] that such relief should be denied in every case where the asserted federal right may be preserved without it."[41] The putative class members are all Louisiana political subdivisions and municipalities.

This action, like those in *City of Fishers* and *Gwinnett Cty.*, seeks to require Defendants to pay a small percentage of their gross revenue to local governments in which they do business, and both of those federal courts interpreted the term "tax" broadly to apply to franchise fees collected by state municipalities that in turn provides a general benefit to the public.[42] Where there is power to decline jurisdiction and dismiss, there is power to remand.[43] This Court possesses such power to decline jurisdiction.

      b. *The Levin factors support remand.*

Applying the *Levin* factors here, the same conclusion of comity-based abstention is supported with each factor weighing in favor of abstention. First, this matter concerns a dispute over commercial regulation – regarding the collection of revenue by local governments – and does not involve a party's fundamental rights or a suspect classification requiring heightened judicial scrutiny. This case revolves around the reach of the state Act and its applicability to Defendants' respective businesses. The Act, enacted by the Louisiana legislature, gave local governments sole licensing and franchise authority over video services. Thus, Defendants seek federal court

---

[40] *Id*.
[41] *Id.* (citing *Levin*, 560 U.S. at 422).
[42] *Id*.; *Gwinnett Cty.*, 2021 WL 3418083, at *6.
[43] *Id*. at *3-4 (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988).

7

intervention in matters over which the state of Louisiana and its municipalities have traditionally enjoyed wide regulatory latitude – specifically, utility regulation and gross revenue fees – by asking a federal court to interpret the Act.

Second, Defendants invoke federal jurisdiction to improve their competitive position over traditional cable television providers that pay franchise fees under the Act. Defendants' cable competitors have paid the franchise fee to Plaintiff and other Louisiana municipalities, but Defendants have not sought franchise certificates or paid the fee. If Defendants are required to pay the franchise fee, like cable companies, their profits could be reduced and may affect the price of their services offered to their customers. Defendants seek to continue this competitive imbalance in the marketplace by not complying with the Act. As the Supreme Court instructs in *Levin*, arbitrating the desirability of competitive advantage is best left to local authorities.[44]

Finally, this matter involves interpretation of Louisiana state law, a certain provision of the Consumer Choice Television Act, for which there is no existing state court guidance. As in Georgia and Indiana, the Plaintiff in this case alleges a state law requires Defendants to pay fees which the Defendants argue it does not. The dispute inherently implicates Louisiana state and local fiscal operations that should be decided by Louisiana state courts. Louisiana state courts are better positioned than this Court because they are more familiar with state legislative preferences concerning the Act that will aid them in addressing the questions of first impression from this case. Applying the *Levin* factors, these considerations in combination require remand in respect to the state adjudicative process.

---

[44] *Levin*, 560 U.S. at 431-32.

> c. *Defendants' remaining arguments contravene Levin comity and do not weigh against remand.*

The parties dispute whether this case qualifies for a *Levin*-based comity abstention analysis. Despite the Supreme Court's emphasis on comity, Defendants additionally argue this Court has no authority to remand on a non-statutory basis. Defendants argue that comity is the exception and not the rule to remand every case involving state and local tax and that comity does not apply to CAFA actions seeking damages.

First, Defendants' position that comity is not appropriate in this matter relies on their contention that other cases dealing with comity are not similar to this action. Defendants claim federal courts historically have accepted comity when taxpayers seek to invalidate some aspect of a state's tax system. Defendants' response to Plaintiff's supplemental authority focuses on how comity cannot overrule a party's right to supplemental jurisdiction. However, the *Levin*, *City of Fishers*, and *Gwinnett Cty.* decisions do not make this assertion. Instead, the Supreme Court and federal courts that have considered these issues allow comity to be applied to justify a federal court's decision to remand an action back to state court.[45] These decisions reinforce the notion that comity is the exception and not the rule, with which Defendants agree.

Second, Defendants' argument that CAFA itself excludes comity where a plaintiff is seeking damages and their reliance on *Quackenbush v. Allstate Ins. Co.* are misplaced. The Court in *Quackenbush* discussed *Burford* abstention, not comity as examined by *Levin*.[46] The *Quackenbush*

---

[45] *Levin*, 560 U.S. at 432 ("Comity … is a prudential doctrine. 'If the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system.'" (quoting *Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977))).

[46] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 707 (1996) (*Burford* abstention allows federal courts to remand a case only if it presents "difficult questions of state law bearing on policy

Court distinguished itself from *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, which permitted abstention for a declaratory relief and damages action, explaining Fair Assessment dealt with damages "based on the unconstitutional application of a state tax law, and the award of damages turned first on a declaration that the state tax was in fact unconstitutional."[47] Courts have determined the comity doctrine extends to claims seeking damages.[48] Thus, Defendants' argument fails to be supported with any legal authority and is thus unpersuasive.

IV.     **Conclusion**

Because principles of comity counsel against this Court exercising jurisdiction over the case when federal intervention would disrupt Louisiana's process for adjudicating tax disputes and where an adequate state court is available, the Court will GRANT the Motion to Remand.[49] Accordingly,

**IT IS ORDERED** that the Motion to Remand is GRANTED, and this case is remanded to the state court for further proceedings.

New Orleans, Louisiana, this 31st day of March 2022.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

problems of substantial public import whose importance transcends the result in the case then at bar," or when deciding "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976))).

[47] *Id*. at 719 (citing *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 114).

[48] See e.g., *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 297 (1943); *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1124 (9th Cir. 2019).

[49] R. Doc. 21.